**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PAMELA MINYARD,

        Plaintiff,

   v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY,

        Defendant.

Civil Action No. 2:26-cv-4191 _____

## COMPLAINT

1. Plaintiff Pamela Minyard brings this action against Defendant Reliance Standard Life Insurance Company under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover long-term disability ("LTD") benefits wrongfully denied under an employee welfare benefit plan, and to clarify her rights to future benefits under that plan. This action arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff reserves all rights and remedies available under ERISA § 502(a) and § 502(g), 29 U.S.C. § 1132(a) and (g).

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because it arises under the laws of the United States, and under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 1700 Market Street, Suite 1200, Philadelphia, Pennsylvania 19103, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

4. Plaintiff Pamela Minyard is an adult individual residing at 1353 Partridge Rd, Roslyn, Pennsylvania 19001. At all relevant times during the coverage at issue, Plaintiff was employed and was a participant in an employee welfare benefit plan providing long-term disability coverage.

5. Defendant Reliance Standard Life Insurance Company maintains an office and conducts business at 1700 Market Street, Suite 1200, Philadelphia, Pennsylvania 19103. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue.

6. At all times relevant to this Complaint, Plaintiff was covered under a long-term disability insurance policy bearing Policy No. LTD 669885 (the "Plan").

7. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

8. The Plan is fully insured.

9. Plaintiff's claim under the Plan is identified by Claim No. 2022-10-05-0065-LTD-01.

10. Plaintiff was employed as a Nurse Anesthetist.

11. Plaintiff last worked on March 30, 2022.

12. Plaintiff became unable to perform the material duties of her occupation as a result of a right shoulder injury (work-related, sustained March 20, 2022); mild primary open angle glaucoma; mild dry eye syndrome; stable left branch retinal vein occlusion; and subconjunctival hemorrhage of the left eye.

13. Plaintiff's functional limitations prevented her from performing the material duties of her occupation as required by the Plan.

14. Plaintiff submitted medical and claim information supporting her disability to Defendant.

15. Plaintiff has satisfied all conditions precedent to the recovery of benefits under the Plan, or such conditions have been waived, excused, or otherwise discharged.

16. Plaintiff submitted a claim for long-term disability benefits under the Plan, which Defendant initially approved.

17. Defendant terminated Plaintiff's long-term disability benefits effective September 26, 2024.

18. By letter dated March 24, 2025, Defendant issued an adverse benefit determination on Plaintiff's appeal, upholding the termination of benefits.

19. In its March 24, 2025 final denial letter, Defendant stated that "our original decision to terminate benefits was appropriate" and that Plaintiff "was no longer Totally Disabled as defined by the policy and therefore not eligible for additional benefits."

20. Plaintiff timely appealed the adverse benefit determination and has exhausted all administrative remedies required under the Plan and 29 C.F.R. § 2560.503-1.

## STANDARD OF REVIEW

21. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

22. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

23. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

24. Plaintiff is a participant or beneficiary within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), and is entitled to bring this action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

25. Defendant's termination and denial of Plaintiff's long-term disability benefits was wrongful, contrary to the terms of the Plan, and not supported by the record.

26. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of long-term disability benefits to which she is entitled under the Plan.

27. Plaintiff is entitled to recover the past-due benefits owed under the Plan from the date benefits were terminated through the date of judgment, together with prejudgment interest, attorney's fees, and costs under ERISA § 502(g), 29 U.S.C. § 1132(g).

COUNT II — CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B)

28. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

29. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant to bring a civil action to clarify her rights to future benefits under the terms of the plan.

30. Plaintiff remains disabled within the meaning of the Plan and remains entitled to long-term disability benefits going forward under the Plan's continuing-disability provisions, up to the maximum duration of benefits available under the Plan.

31. Plaintiff seeks a declaration of her right to receive ongoing long-term disability benefits under the Plan for so long as she meets the Plan's definition of disability, subject to the Plan's terms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pamela Minyard respectfully requests that this Court enter judgment in her favor and against Defendant Reliance Standard Life Insurance Company, and grant the following relief:

A. An award of past-due benefits from the date of termination through the date of judgment;

B. Prejudgment interest on past-due benefits;

C. A declaration that Plaintiff remains entitled to long-term disability benefits going forward under the terms of the Plan for so long as she meets the Plan's definition of disability;

D. Attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g);

E. Costs of suit; and

F. Such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL ON THE ADMINISTRATIVE RECORD**

Plaintiff respectfully requests a trial on the administrative record on all issues so triable.

Respectfully submitted,

/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff